UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVE SANTHUFF, <br>   d/b/a Metal and Wood, <br>     *Plaintiff*, <br><br>     *vs.* <br><br> DOUG PHILBECK, BRAD KING, CHARLES BRISCO, and GARY FABIAN, <br><br>     *Defendants*. | ) <br> ) <br> ) <br> )    1:25-cv-00821-JMS-TAB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Plaintiff has filed a Complaint in which he alleges that this Court has diversity jurisdiction over this matter. The Court notes the following issues with Plaintiff's jurisdictional allegations:

- Plaintiff sets forth a P.O. Box for himself and addresses for each Defendant, but does not allege the citizenship of any of the parties. The P.O. Box does not provide any helpful citizenship information and the addresses, at best, indicate where each defendant's residence is located. But an allegation of residence is inadequate to establish diversity jurisdiction. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). Residency and citizenship are not the same, and it is the latter that matters for purposes of diversity. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). An individual's citizenship for purposes of diversity jurisdiction "is the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Plaintiff must set forth his citizenship and the citizenship of each defendant in order to invoke the Court's diversity jurisdiction.

- Plaintiff is listed in the case caption on the Complaint as "Steve Santhuff d/b/a Metal and Wood." But "[a]n individual cannot do business as a separate legal entity." *Filighera v. Starnet Ins. Co.*, 2021 WL 1171561, at *1 (W.D. Wis. Mar. 29, 2021). If Plaintiff intends "Metal and Wood" to be a separate plaintiff, he must indicate this in any Amended Complaint and must properly provide Metal and Wood's citizenship.

- Plaintiff does not properly allege the amount in controversy. The amount in controversy must exceed "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332. The "exclusive of interest and costs" language must be included in the amount in controversy allegation.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

For these reasons, the Court **ORDERS** Plaintiff to file an Amended Complaint by **May 19, 2025**, which addresses the issues outlined in this Order and properly alleges a basis for this Court's diversity jurisdiction. Defendants need not answer or otherwise respond to the Complaint at which this Order is directed. Defendants are cautioned, however, that when they do respond to the Amended Complaint, and to the extent that they deny any of Plaintiff's jurisdictional allegations or state that they do not have sufficient information to respond to those allegations, the Court will require the parties to conduct whatever investigation is necessary and file a joint jurisdictional statement confirming that all parties are in agreement with the underlying jurisdictional allegations before the litigation moves forward.

Plaintiff is also reminded of his obligation under Fed. R. Civ. P. 7.1(a)(2), which provides:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. §1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor:
>
> (A) when the action is filed in or removed to federal court, and

(B) when any later event occurs that could affect the court's jurisdiction under §1332(a).

Plaintiff is **ORDERED** to file his Rule 7.1 Disclosure Statement by **May 19, 2025**.

Date: 5/5/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**