UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVE SANTHUFF d/b/a METAL AND WOOD, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:25-cv-00821-JRO-TAB |
| DOUG PHILBECK, | ) | |
| Defendant. | ) | |

**ORDER ON PENDING MOTIONS, DIRECTING FURTHER PROCEEDINGS, AND IMPOSING MEET AND CONFER REQUIREMENT**

On July 31, 2026, the Court granted in part the Motion for Reconsideration filed by Plaintiff Steve Santhuff d/b/a Metal and Wood and gave him leave to file his Second Amended Complaint. Dkt. 87. He has done so. *See* dkt. 99. Since then, he and Defendant Doug Philbeck—though mostly Santhuff—have filed twenty-two (22) motions. Dkts. 104, 106, 107, 109, 110, 111, 117, 123, 125, 131, 134, 135, 137, 139, 145, 146, 147, 149, 151, 152, 153, 154. Unfortunately, most were unnecessary, have not materially advanced this litigation, and have imposed an undue burden on the Court and the parties. As Plaintiff put it recently, "This case has become far too confusing . . . ." Dkt. 153 at 2. Fortunately, many of the motions are ripe for ruling. So, the Court does its part to try to add some clarity.

Upon entry of this order, two motions will remain pending: Plaintiff's Renewed Motion for Preliminary Injunction, dkt. 131, and Motion for Leave to File Verified Amended Complaint, dkt. 147. The parties are **warned** that filing

additional motions before these pending motions are resolved will not advance this litigation, are unlikely to assist the Court in timely resolving this case and may be subject to summary denial.

Given the volume of motions filed by the parties in the last several weeks, and the strain that it imposes upon the Court's (and each other's) resources, no party may henceforth file any motion without first meeting and conferring with the other party(ies) pursuant to the procedures described below. Finally, this case shall proceed in the sequence of litigation described below.

## I. DISCUSSION

### A. Motion to Strike Amended Complaint, dkt. 111

Philbeck moves to strike Plaintiff's Second Amended Complaint, dkt. 111, arguing that the Court granted Santhuff leave to file only the proposed complaint attached to his motion for reconsideration, and that the proposed complaint he attached to that motion is substantially different than what he actually filed. *Compare* dkt. 73-7 *with* dkt. 99. But the Court's Order did not restrict Santhuff to the proposed complaint he attached to his briefing. See dkt. 87 at 2 ("Santhuff shall have leave to file a second amended complaint within 14 days of this Order."). Philbeck's Motion to Strike Plaintiff's Second Amended Complaint is **DENIED**. Dkt. 111.

### B. Motions for Clarification on Operative Complaint, dkts. 107, 109

Both parties seek clarification on which pleading is Santhuff's operative Complaint. Dkts. 107, 109. But as Magistrate Judge Tim A. Baker already stated, "Plaintiff filed an 118-page second amended complaint on August 17, 2026. . . .

If Plaintiff seeks to correct or otherwise alter the second amended complaint, he must seek leave for further amendment." Dkt. 105 at 3. Accordingly, the Court **GRANTS** the parties' respective motions, dkts. 107, 109, to the extent the Court clarifies that the Court deems the Second Amended Complaint timely and properly filed and confirms that is the operative pleading at this time.

Santhuff also moves the Court to treat the Second Amended Complaint, dkt. 99, "as an inadvertent unreliable, unusable draft and to permit Santhuff to proceed with the proposed Third Amended Complaint in the interest of justice." Dkt. 109 at 1; *see also* dkt. 153 at 5. This is duly noted, and the Court will take Santhuff's representation into consideration when ruling on his most recent motion for leave to amend. Dkt. 147. But until then, the Second Amended Complaint remains the operative complaint at this time.

**C. Motions for Leave to File Amended Pleading, dkts. 104, 123, 147, 153**

Santhuff has filed a Motion for Leave to File a Third Amended Complaint, dkt. 104, but later moved to withdraw this motion, requesting that the Court enter a briefing schedule to allow him the opportunity to file a different proposed pleading, dkt. 123. In this later motion, Santhuff explains that he proposes to file a pleading that "answers . . . Defendant's pleading objections" and "is roughly half the length" of the Third Amended Complaint he initially proposed in his first motion for leave to amend at docket 104. Dkt. 123 at 9–10. Philbeck opposes Santhuff's request for various reasons. Dkt. 143. However, before waiting for the Court's ruling, Santhuff filed yet a third Motion for Leave to File Verified Amended Complaint Rejoining Bradley King as a Defendant. Dkt. 147. This

motion is effectively the motion that he proposed to file in his second motion for leave. He now says this latest motion "replaces every earlier attempt" to amend his pleading and "replaces Plaintiff's earlier requests for leave to amend in Dkt. 104 and Dkt. 123, and those requests are withdrawn." Dkt. 147 at 2–3. Finally—and too impatient to wait for the Court's rulings on the prior motions—Santhuff again writes to the Court to restate that he wants the Court to consider only the most recent motion for leave to amend at docket 147. *See* dkt. 153 at 5.

Having considered all these motions, the Court rules that proceeding with briefing on Santhuff's latest motion for leave to amend, dkt. 147, is the most efficient way to proceed at this point. Santhuff says it represents his best work to date and attempts to respond to some of the objections Philbeck has lodged in his responses to prior motions. *See* dkt. 153 at 5.

Accordingly, Santhuff's most recent motion for leave to amend, dkt. 147, is the only operative motion for leave to amend. The Court deems it properly filed. Defendant shall respond to it in accordance with the Federal Rules of Civil Procedure and this Court's local rules. The Court will issue a ruling on this motion in due course. Until then, the Second Amended Complaint, dkt. 99, remains the operative pleading. Accordingly, and consistent with Santhuff's representations that he has withdrawn his prior motions for leave to amend, dockets 123 and 153 are **GRANTED in part** to the extent the the Court deems the Second Amended Complaint timely and properly filed and confirms that it is the operative pleading at this time and that the Court will consider only

Santhuff's most recent motion for leave to amend. Dockets 123 and 153 are **DENIED as moot** in all other respects. Docket 104 is also **DENIED as moot**.

However, given that docket 147 is effectively Santhuff's fifth attempt to amend his complaint—that is, it follows his original complaint, dkt. 1, the amended complaint, dkt. 12, the Second Amended Complaint, dkt. 99, and two abandoned motions for leave to amend, dkts. 104 & 123, to which Philbeck has been forced to respond, dkts. 118 & 143—the Court will not allow Santhuff to withdraw docket 147 or move again for leave to file yet another proposed amended pleading. Further, given the amount of time and resources the parties, and the Court, have already devoted to addressing Santhuff's amended pleadings, **the Court is unlikely to allow Santhuff to amend his Complaint again regardless of how the Court rules on his latest motion**.

**D. Motion to Vacate Dismissal of Count II, dkt. 137**

Santhuff filed a Motion to Vacate the Dismissal of Count II (Tortious Interference). Dkt. 137. The Court construes this motion as a motion for reconsideration of its prior order of dismissal and order on reconsideration. *See* dkt. 67. The Court has already granted that motion to the extent it allowed Santhuff to file a Second Amended Complaint. Dkt. 87 at 2. Santhuff was free to replead his tortious interference claim in the Second Amended Complaint if he wished. To the extent he has not done so, he has proposed to raise it again in his latest proposed Third Amended Complaint. Dkt. 147-2 at 74. Accordingly, the Motion to Vacate the Dismissal of Count II is **DENIED** as unnecessary.

**E. Motion to Dismiss and Related Motions, dkts. 75, 82, 146**

"When an amended complaint is filed, the prior pleading is withdrawn and the amended pleading is controlling." *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2007); *see also Flannery v. Recording Indus. Assoc. of America*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void."). The Second Amended Complaint is now the operative complaint, effectively withdrawing the First Amended Complaint, dkt. 12.

Accordingly, Defendant's Motion to Dismiss Pursuant to Indiana's Anti-SLAPP Law, dkt. 75, Defendant's Motion to Strike, dkt. 82, and Santhuff's Motion for Leave to File a Supplemental Brief in Opposition to Defendants, dkt. 146, are **DENIED as moot**. Defendant may renew his motion to dismiss after the Court rules on Santhuff's Motion for Leave to File Verified Amended Complaint, if necessary.

**F. Motion for Sanctions, dkts. 149, 151, 152, 154**

Santhuff has also filed a Motion for Terminating Sanctions and a Finding of Fraud on the Court, Based on Defense Counsel's Withholding of the Neo Tec Messages and His Misused of the Sham-Affidavit Doctrine ("Motion for Sanctions"). Dkt. 152. He also filed a Motion for Leave to correct the Motion for Sanctions, dkt. 151, and a Motion to Correct the Relief Requested in The Motion for Sanctions, dkt. 149. Lastly, he filed another Motion for Sanctions for Defendant Philbeck's False Sworn Statements and For an Order to Preserve and Produce the Original Messages. Dkt. 154. In these motions, Santhuff takes issue

with several sworn statements that Philbeck has tendered to the Court in declarations and discovery responses. Dockets 152, 151, and 149, are all **DENIED as moot**. Docket 154 is **GRANTED in part** to the extent it seeks preservation and production of evidence and **DENIED in all other respects**.

First, Santhuff takes issue with a single paragraph in a declaration Philbeck filed in support of a motion to dismiss, dkt. 32 ¶ 5, which was decided by the Court several months ago, dkt. 64. But the Court did not rely upon that declaration in deciding the motion to dismiss but relied solely upon the well-plead allegations in the First Amended Complaint. *See generally id.*

Second, Santhuff takes issue with Philbeck's affidavit of authentication, dkt. 77-1, and responses to Plaintiff's discovery, which were both attached as evidence to Philbeck's motion to dismiss on anti-SLAPP grounds. Dkt. 152 at 1 (citing dkt. 77-2 at 20); dkt. 154 at 1 (citing dkt. 77-1 & dkt. 77-2). But Philbeck's motion to dismiss has been denied as moot, as discussed above. Accordingly, none of the evidence Santhuff contests is before the Court except to the extent that Santhuff himself purports to rely upon it in his own renewed motion for preliminary injunction. *See* dkt. 131 at 1 (citing dkt. 77-2).[1]

---

[1] The Court does not address the merits of Santhuff's sanctions motions, given that the issues for which all this evidence was submitted are moot at this stage of the case. However, the Court notes as a general matter that establishing sanctionable conduct is a tall order. Just because Santhuff claims to possess evidence that refutes Philbeck's sworn assertions does not necessarily mean that Philbeck or his counsel have engaged in fraud on the court or sanctionable conduct. It may mean the parties have a different point of view on disputed facts, and the finder of fact will have to decide which witness is more credible. Accordingly, the proper way to refute disputed facts is simply to dispute them with additional evidence or cross-examine the witness at trial. Santhuff is certainly free to oppose any future declaration or evidence that Philbeck may file in the future on any ground supported by the law and the facts. However, if Philbeck re-submits the

Beyond seeking sanctions for purported misstatements of fact, dkt. 154 also seeks the preservation and production of evidence, a forensic examination, and an evidentiary hearing. This relief is **GRANTED in part** but only to the extent it seeks preservation and production of evidence. The Court **ORDERS** the parties to contact Magistrate Judge Baker to schedule a telephonic conference to discuss Santhuff's concerns with production and preservation of any information responsive to anti-SLAPP discovery or the preservation of any evidence that may be related to Santhuff's pending claims. Magistrate Judge Baker will decide what evidence should be preserved and produced at this time or whether a motion to compel is warranted, consistent with Southern District of Indiana Local Rule 37-1(a). This is the only relief the Court will order in response to dkt. 154, as it is the course that Santhuff should have taken prior to filing his motion for production and preservation of evidence under Local Rule 37-1(a). Any further relief requested in dkt. 154 is **DENIED**.

### G. Motion for Leave to File Dispositive Motions, dkts. 106, 117 & 125, and Third-Party Subpoenas, dkt. 134

Santhuff's Motion for Leave to File Partial Motion for Summary Judgment Regarding Fraud in the Defendant's Video, Alternatively for a Declaratory Judgment Regarding Fraud in Defendants [sic] Relevant Video and Memorandum in Support, dkt. 106, is **DENIED**. His Motion at dkt. 117 seeking similar relief is also **DENIED**. Pursuant to Magistrate Judge Baker's February

---

evidence Santhuff now disputes in a renewed anti-SLAPP motion at a later date, Santhuff may be better served by contesting Defendant's evidence with his own rather than trying to seek sanctions.

18, 2026 order (and consistent with the Court's order regarding sequencing of litigation discussed below), the merits of this case is focused on the limited issue of Indiana's anti-SLAPP statute at this time. Dkt. 71. If the Court grants Santhuff's Motion for Leave to File Verified Amended Complaint, dkt. 147, the scope of this case may expand. But until then, any dispositive motions are premature. Philbeck's Motion to Deny Santhuff's motions, dkt. 125, is **DENIED as moot**.

Santhuff also filed a Motion for Leave to File Motion for Limited Rule 45 Subpoena to various third parties. Dkt. 134. Again, the scope of this case at this time is narrow. Santhuff seeks third-party discovery in part to anticipate Defendant's anticipated opposition to amending his pleading. But that is not how discovery or litigation works. Santhuff must plead viable claims first and only then enjoy the privilege of discovery on those claims. Until then, Santhuff's motion for leave, dkt. 134, is **DENIED**. If the case survives dismissal, he may seek discovery at the appropriate time.

### H. Motions Regarding Submission of Evidence, dkts. 110 & 117

Santhuff filed two motions asking to the Court to consider various forms of evidence. First, he moved to manually file an MP4 video, dkt. 110, and clarifies that this video is offered in support of his response to all "repetitive Anti-SLAPP defense litigation," and in support of his other motions and responses, dkts. 117, including his motion for preliminary injunction, see dkt. 131 at 1. Dkts. 110 and 117 are **DENIED in part** because, as discussed above, Defendant's motion to dismiss pursuant to Indiana's Anti-SLAPP Law has been denied as moot. The

only motions that will remain pending after entry of this Order are Santhuff's motion for leave to file a verified amended pleading, dkt. 147, and his renewed motion for preliminary injunction, dkt. 131. Accordingly, dkts. 110 and 117 are **GRANTED in part** to the extent Santhuff relies upon the MP4 video in support of the motions that remain pending.

Santhuff also asks the Court to set a time to file summary judgment motions. Dkt. 117 at 8. This request is **DENIED** as premature. Dispositive motions will be filed pursuant to a scheduling order that the Court will enter at a later date, if necessary.

### I. Motions Related to Oversized Briefs, dkts. 135, 139 & 145

Santhuff moved twice to file oversized briefs, dkts. 135 and 139, but then moved to withdraw those motions, dkt. 145. His motion to withdraw, dkt. 145, is **GRANTED**, and dkt. 135 and 139 are hereby **WITHDRAWN**.

### J. Meet and Confer and Magistrate Judge Conference Requirements

Given the volume of motions filed by the parties in the last several weeks, and the strain that it imposes upon the Court's (and each other's) resources, the parties are **ORDERED** to meet and confer in good faith prior to filing **any motion of any nature** as follows: no party may file any motion without first requesting to meet and confer with the other party(ies). The meet and confer must take place by telephone or video conference. The parties must make a good faith effort to resolve the substance of the motion during the meet and confer. Scheduling conflicts are no excuse for failing to hold the meet and confer. Every motion must include a certification that the moving party has satisfied this meet and confer

requirement in good faith. **Any motion that does not include this meet and confer certification will be summarily denied without prejudice**.

Further, it is **ORDERED** that no party shall file a motion for sanctions without first seeking a conference with the Magistrate Judge pursuant to the process described in Southern District of Indiana Local Rule 37-1(a). **Any motion for sanctions filed before the parties have attempted to resolve the sanctions issue by way of a conference or proceeding before the Magistrate Judge will be summarily denied without prejudice.**

**K. Order on Sequence of Litigation**

Finally, the Court recognizes that Santhuff cares deeply about this litigation and is working feverishly to present the Court with his side of the story, often attaching many exhibits and presenting his arguments in a thorough and well-reasoned fashion. At this time, the Court assumes Santhuff's filings are well-intentioned and reflect his best efforts to litigate this case *pro se*. However, the Court instructs him that, in fact, most of his filings are premature and unnecessary and in conflict with the directives the Magistrate Judge has already given about the scope of this case, as the Court's rulings above explain. Now that Santhuff has the benefit of this instruction, the Court **warns** Santhuff that premature filings that purport to short circuit the normal course of litigation are not well-taken. If his filings of this nature continue, the Court will consider them frivolous and deem them a failure to obey this Court's order. *See* Fed. R. Civ. P. 16(f)(1)(C); *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) (District courts "possess certain inherent powers, not conferred by rule or statute, to

manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017)).

To further clarify the Court's expectations regarding motions practice, here is how this case must proceed in the near term:

- The Court will resolve Santhuff's motion for leave to amend, dkt. 147, and motion for preliminary injunction, dkt. 131.

- The Court will entertain motion(s) to dismiss by the Defendant(s) on anti-SLAPP grounds or any other grounds.

- If any claim survives dismissal, the parties will schedule a conference with the Magistrate Judge to establish a schedule for discovery, motions for summary judgment, and trial.

The parties are **warned** that any motion that ignores or seeks to depart from this sequence of litigation may be subject to summary denial.

## II. CONCLUSION

Defendant's motion to strike the Second Amended Complaint, dkt. [111], is **DENIED**.

The parties' respective motions to clarify, dkts. [107], [109], are **GRANTED**, to the extent the Court clarifies that the Second Amended Complaint, dkt. 99, is the operative complaint at this time.

Plaintiff's motions related to his attempts to amend his pleading, dkts. [123], [153], are **GRANTED in part** to the extent that the Court deems the Second Amended Complaint timely and properly filed and confirms that it is the

operative pleading at this time and that the Court will consider only Santhuff's most recent motion for leave to amend at docket 147. Dockets [123] and [153] are **DENIED as moot** in all other respects. Plaintiff's prior motion for leave to amend his pleading, dkt. [104], is also **DENIED as moot**. Given the amount of time and resources the parties, and the Court, have already devoted to addressing Santhuff's pleadings, **the Court is unlikely to allow Santhuff to amend his Complaint again regardless of how the Court rules on his latest motion for leave to amend at docket 147.**

Plaintiff's motion to vacate dismissal of Count II, dkt. [137], is **DENIED**.

The parties' motions related to Defendant's motion to dismiss, dkts. [75], [82], [146], are **DENIED as moot**.

Santhuff's motion for terminating sanctions and finding of fraud on the court, dkt. [152], and subsequent motions to clarify, dkts. [149], [151], are **DENIED as moot**. Santhuff's motion at dkt. [154] is **DENIED as moot in part** to the extent it seeks sanctions, and **GRANTED in part** to the extent it seeks preservation and production of evidence. The Court **ORDERS** the parties to contact Magistrate Judge Baker to schedule a telephonic conference to discuss Santhuff's concerns with production and preservation of any information responsive to anti-SLAPP discovery or the preservation of any evidence that may be related to Santhuff's pending claims. Magistrate Judge Baker will decide what evidence should be preserved and produced. This is the only relief the Court will order in response to dkt. 154. Any further relief requested in dkt. [154] is **DENIED**.

Plaintiff's motions to file dispositive motions, dkts. [106], [125], and motion for leave to issue third-party subpoenas, dkt. [134], are **DENIED**.

Plaintiff's motions regarding submission of evidence, dkts. [110], [117], are **DENIED in part** to the extent they relate to evidence in support of motions that have been denied as moot and **GRANTED in part** to the extent they relate to motions still pending.

Plaintiff's motion to withdraw motions to file oversized briefs, dkt. [145], is **GRANTED**, and docket [135], and docket [139], are **WITHDRAWN**.

All other requests for relief not otherwise addressed in this Order are **DENIED**.

Plaintiff's Renewed Motion for Preliminary Injunction, dkt. [131], and Motion for Leave to File Verified Amended Complaint, dkt. [147], **remain pending**. Defendant **shall respond** to those motions in accordance with the Federal Rules of Civil Procedure and this Court's local rules. The Court will issue an order on those motions in due course. The parties are **warned** that filing additional motions before the pending motions are resolved will not advance this litigation and are unlikely to assist the Court in timely resolving this case and may be subject to summary denial.

The parties are **ORDERED** to meet and confer in good faith prior to filing ***any*** motion, pursuant to the procedures discussed above.

The parties are **ORDERED** that a party must comply with the procedures in Southern District of Indiana Local Rule 37-1(a) prior to filing ***any*** motion for sanctions.

The Courts **ORDERS** that the case proceed in the sequence of litigation discussed above. The Court **warns** the parties that filing additional motions that ignore or undermine the sequence of litigation discussed above may be subject to summary denial and will only delay the Court's ability to adjudicate this case.

**SO ORDERED.**

Date: 10/13/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

STEVE SANTHUFF d/b/a METAL AND WOOD
P.O. Box 82002
Baton Rouge, LA 70884

All ECF – registered counsel of record

Magistrate Judge Tim A. Baker